UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ROBERT WASHINGTON**                                                      **CIVIL ACTION**

**VERSUS**                                                                         **NO: 22-2078**

**UBER TECHNOLOGIES, INC.,**                                          **SECTION: T(1)**
**RASIER, LLC, ATLANTIC SPECIALTY**
**INSURANCE COMPANY, & UNITED**
**FINANCIAL CASUALTY COMPANY**

## ORDER

Before the Court is a *Motion to Remand* filed by Plaintiff, Robert Washington ("Washington").[1] Defendant, United Financial Casualty Company ("UFCC"), filed an Opposition.[2] Washington filed a Reply.[3]

For the following reasons, the Motion is **DENIED**.

## FACTUAL BACKGROUND

Washington originally filed suit in Civil District Court for the Parish of Orleans on December 14, 2021, seeking damages from several defendants, including UFCC, for personal injuries related to a car accident that occurred in July 2021.[4] Washington is domiciled in Louisiana, while UFCC is a company incorporated and with its principal place of business in Ohio.[5] In his state court Petition for Damages, Washington made the following allegation: "At this time, plaintiff's claims for damages are less than $75,000.00 jurisdictional threshold required for removal on the basis of diversity."[6]

---

[1] R. Doc. 24.
[2] R. Doc. 25.
[3] R. Doc. 29.
[4] R. Doc. 1.
[5] R. Doc. 1.
[6] R. Doc. 1-2, ¶ 11.

1

On July 1, 2022, Washington submitted a settlement demand to UFCC for $100,000 to resolve his claims.[7] The settlement demand also stated that Washington "has been recommended to undergo a surgical procedure."[8] Additionally, on July 6, 2022, Washington provided UFCC with discovery responses and medical records indicating that his special medical damages totaled approximately $10,000 at that time.[9] On July 7, 2022, in light of the settlement demand and the discovery responses with accompanying medical records, UFCC removed the suit to this Court based on diversity of the parties and an amount in controversy exceeding $75,000 pursuant to 28 U.S.C. § 1332.[10] This Court then entered a scheduling order following a conference with counsel for all parties in September 2022.[11] Trial is set for May 8, 2023.[12]

On February 7, 2023, Washington filed a "Stipulation as to the Amount in Controversy" into the record.[13] Therein, Washington reiterates that his state court petition alleged "that the amount in controversy was less than $75,000.00" and that he "hereby stipulates that the matter in controversy does not exceed the sum or value of $75,000, exclusive of interest and costs, at this time."[14] Washington's Stipulation further states that he "expressly waives his right to recover damages in excess of $75,000" and that "[i]n the event this case is tried to a jury, and the jury makes an award in excess of $75,000, then plaintiff agrees that it is proper, and that the Court should enter judgment reducing the award to $75,000, before making any reductions for comparative and/or third-party fault."[15] To that end, Washington's instant Motion seeks to send

---

[7] R. Doc. 25-1.
[8] R. Doc. 25-1.
[9] R. Doc. 25-2.
[10] R. Doc. 1.
[11] R. Docs. 10 & 11.
[12] R. Doc. 11.
[13] R. Doc. 17.
[14] R. Doc. 17, ¶¶ 2-3.
[15] R. Doc. 17, ¶¶ 4-5.

this matter back to state court on the grounds that his damages do not meet this Court's jurisdictional threshold of $75,000.[16]

## LAW AND ANALYSIS

Civil actions filed in state court may be removed to the proper district court if the federal court has original jurisdiction.[17] District courts have original jurisdiction of civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states.[18] "If a plaintiff alleges a specific dollar amount in state court pleadings, that amount 'controls in good faith.'"[19] Louisiana law generally precludes plaintiffs from praying for specific amounts of damages.[20] Nevertheless, Louisiana Code of Civil Procedure article 893(A)(1) provides that "if a specific amount of damages is necessary to establish…the lack of jurisdiction of federal courts due to insufficiency of damages…a general allegation that the claim exceeds or is less than the requisite amount is required."[21] The article continues that, "[b]y interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate."[22]

The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[23] A party seeking removal must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 threshold.[24] The removing party may meet that burden "either by demonstrating the claims are

---

[16] R. Doc. 24.
[17] 28 U.S.C. § 1441(a).
[18] 28 U.S.C. § 1332(a)(1).
[19] *Valentine v. United Fire and Casualty Company*, 2019 WL 3522246 at *2 (E.D. La. Aug. 1, 2019) (quoting, *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).
[20] La. Code Civ. P. art. 893.
[21] La. Code Civ. Pro. art. 893(A)(1).
[22] *Id.*
[23] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[24] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000).

likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount."[25] Once the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to an amount less than $75,000 "generally do not divest the court of diversity jurisdiction."[26] The jurisdictional facts supporting removal must be judged "at the time of removal."[27] "Events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached."[28]

Here, there is no question that the parties in this matter are diverse. Instead, the Court's inquiry at this juncture is whether, at the time of removal, UFCC showed by a preponderance of the evidence that the amount in controversy exceeded the $75,000 jurisdictional threshold. The answer is yes.

In opposition to the remand, UFCC contends that removal was appropriate because Washington had incurred approximately $10,000 in medical expenses over eight months of treatment, was still treating, had received a surgical recommendation and indicated his intention to have the surgery.[29] UFCC further relies on the fact that Washington submitted a demand to UFCC for $100,000 to resolve his claims.[30] Washington asserts that his demand is not relevant to this inquiry because it "was and is a tool used for negotiation."[31] Washington further argues that his state court petition clearly alleged he was not seeking more than $75,000 and that his post-removal stipulation clarifies any question that the amount in controversy is less than $75,000.[32]

---

[25] *Gebbia*, 233 F.3d at 882-83; *see also Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).
[26] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995)).
[27] *Id.* at 883.
[28] *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938).
[29] R. Docs. 25-1, 25-2.
[30] R. Doc. 25-1.
[31] R. Doc. 24.
[32] R. Docs. 24 & 29.

The Court finds that removal was proper because UFCC met its burden of proof to show that the amount in controversy exceeds $75,000. As a result, the Court has subject matter jurisdiction over this case. The Court's conclusion that the amount in controversy exceeded $75,000 at the time of removal is supported by Washington's $100,000 settlement demand, discovery responses showing approximately $10,000 in medical expenses, and the representation that surgery had been recommended. Washington's argument that the settlement demand should not be considered for removal purposes has been rejected by multiple courts in this circuit.[33] The Court further finds that the allegations in Washington's state court petition, purportedly limiting his recovery to less than $75,000, was conditioned by the inclusion of the clause "at this time."[34] As written, the allegation was not binding on Washington because its equivocal language left open the possibility of Washington seeking higher damages as the case developed and, apparently, Washington believed circumstances had changed when he demanded more than $75,000 from UFCC and had been recommended to undergo surgery. Moreover, the medical expenses and surgical recommendation support that Washington's potential damages exceeded $75,000 for removal purposes. Finally, Plaintiff's stipulation was filed post-removal and, as such, does not divest this Court of jurisdiction.[35]

---

[33] *See e.g., Lilly v. Dollar General Corp.*, 2017 WL 48365539 at *3-4 (M.D. La. Sept. 18, 2017)
[34] R. Doc. 1-2, ¶ 11.
[35] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938).

## **CONCLUSION**

For the reasons above, this Court has proper subject matter jurisdiction pursuant to 28 U.S.C. 1332. The parties are diverse and the amount in controversy at the time of removal exceeded the jurisdictional requisite of $75,000. Accordingly,

**IT IS ORDERED** that the Motion to Remand is **DENIED**.

New Orleans, Louisiana this 19th day of April, 2023.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE