**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**ROBERT WASHINGTON**                                                       **CIVIL ACTION**

**VERSUS**                                                                           **NO: 22-2078**

**UBER TECHNOLOGIES, INC.,**                                          **SECTION: T(1)**
**RASIER, LLC, ATLANTIC SPECIALTY**
**INSURANCE COMPANY, & UNITED**
**FINANCIAL CASUALTY COMPANY**

## ORDER

Before the Court is a *Motion for Summary Judgment* filed by Defendant, United Financial

Casualty Company ("UFCC").[1] Plaintiff, Robert Washington ("Washington") did not file an

opposition.

For the following reasons, the Motion for Summary Judgment is **GRANTED**.

## FACTUAL BACKGROUND

This lawsuit arises from a car accident on July 9, 2021.[2] Washington alleges he was injured

in the accident and, at the time, was driving while logged on as a driver on the Uber app.[3] Prior to

the accident, UFCC issued a policy of insurance to Rasier, LLC ("Rasier"),[4] the transportation

network company that licenses the Uber app and operates in New Orleans and elsewhere.[5] Included

in that insurance policy is an uninsured/underinsured motorist coverage form, completed by Amy

E. Wagner, purportedly selecting uninsured motorist ("UM") coverage of $15,000 per person, and

$30,000 per accident.[6]

---

[1] R. Doc. 16.
[2] R. Doc. 1.
[3] *Id*.
[4] R. Docs. 1, 16-2, 16-5.
[5] *Rasier, LLC v. City of New Orleans*, 2016-0930 (La. App. 4 Cir. 6/14/17), 222 So.3d 806, 814.
[6] R. Doc. 16-5.

On December 6, 2021, Washington's counsel provided medical records and bills to UFCC.[7] On December 10, 2021, UFCC issued payment via check to Washington in the amount of the full UM per person policy limit of $15,000, as a "full and final settlement of all uninsured motorist bodily injury claims."[8] That check was negotiated on December 22, 2021.[9] UFCC now moves for summary judgment, dismissing Washington's claims against it in light of the full payment of its UM per person policy limit. UFCC filed the instant motion on January 26, 2023.[10] Washington has not filed an opposition or otherwise responded to the motion. The motion was submitted to the Court on March 1, 2023.[11] This matter is set for a jury trial beginning on May 8, 2023, discovery is over, and the instant motion is ripe for ruling.[12]

## LAW AND ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[13] The court must find "a factual dispute to be 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party and a fact to be 'material' if it might affect the outcome of the suit under the governing substantive law."[14] The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact and all reasonable

---

[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] R. Doc. 16.
[11] R. Doc. 16.
[12] R. Doc. 11.
[13] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)).
[14] *Voelkel McWilliams Const., LLC v. 84 Lumber Co.*, 2015 WL 1184148, at *5 (E.D. La. Mar. 13, 2015) (quoting *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989)).

inferences are drawn in favor of the nonmoving party.[15] After the movant meets his burden, the burden shifts to the non-movant to show the existence of a genuine issue for trial.[16] In doing so, the non-movant must submit "significant probative evidence" in support of his claim.[17] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[18] However, "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[19]

Interpretation of insurance contracts, as a question of law, is appropriate for determination by summary judgment.[20] "When the language of an insurance policy is clear and unambiguous, a reasonable interpretation consistent with the obvious meaning and intent of the policy must be given."[21]

### B. Applicable Uninsured/Underinsured Motorist Law

In Louisiana, UM coverage is governed by statute in addition to the terms of the insurance contract.[22] Generally, insurance contracts in Louisiana require UM coverage equal to the limits of bodily injury liability coverage under the policy.[23] However, the UM coverage required by statute "is not applicable when any insured named in the policy either rejects coverage, selects lower limits, or selects economic-only coverage, in the manner provided" by the statute.[24] When an

---

[15] *Celotex,* 477 U.S. at 323.

[16] *Gernain v. U.S. Bank Nat' Ass'n*, 920 F.3d 269, 272 (5th Cir. 2019).

[17] *State Farm Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990).

[18] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398–99 (5th Cir. 2008).

[19] *Galindo v. Precision Am. Corp*., 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).

[20] *See, Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 878 (5th Cir. 2009).

[21] *S. Fid. Ins. Co. v. Gomez*, 2022 WL 328014, at *3 (E.D. La. Aug. 11, 2022) (citing *Robinson v. Heart*, 809 So.2d 943, 945 (La. 2022)).

[22] La. R.S. 22:1295.

[23] La. R.S. 22:1295 (1)(a)(i).

[24] *Id*.

insured wishes to reject or select coverage at a lesser amount, such rejection must be made in a form that complies with La. R.S. 22:1295(1)(a)(ii).[25] The rejection form must be provided by the insurer and signed by the named insured, or his legal representative.[26] "A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage."[27]

The Louisiana Supreme Court has ascribed six elements to establish a valid waiver or rejection of UM coverage: (1) initialing the selection or rejection of chosen coverage; (2) if lower limits are selected, those lower limits are reflected; (3) the printed name of the insured or legal representative; (4) signature of the insured or legal representative; (5) the policy number; and (6) the effective date of rejection.[28] Following a revision of the standard UM form and Bulletin 08-02 set forth by the insurance commissioner in 2010, inclusion of the policy number on a UM waiver form is optional, but inclusion of the insurer's name is now mandatory.[29] Louisiana law requires a UM rejection be clear and unmistakable.[30] The requirements for offering or the rejection/lowering of UM coverage are extended to transportation network companies "to the extent required by La. R.S. 22:1295."[31] When read together, La. R.S. 45:201.6 and La. R.S. 22:1295 (1)(a)(i) and (ii), permit transportation network companies to waive UM coverage, select lower limits, or select economic-only coverage.[32]

---

[25] *Id.*
[26] La. R.S. 22:1295 (1)(a)(ii).
[27] *Id.*
[28] *Duncan v. U.S.A.A. Ins. Co.*, 2006-363 (La. 11/29/06), 950 So.2d 544, 547.
[29] *Dotson v. Price*, 399 F.Supp. 3d 617, 622 (E.D. La. 2019); *Berkley Assurance Co. v.  Willis*, 2020-0354 (La. App. 4 Cir. 9/29/21), 328 So.3d 567, 575-76.
[30] *Daigle v. Authement*, 92-1662, p. 3 (La. 4/8/97), 691 So.2d 1213, 1213.
[31] La. R.S. 45:201.1, *et seq.*; La. R.S. 45:201.2.
[32] *Jean v. James River Ins. Co.*, 2019-0041 (La. App. 4 Cir. 5/29/19), 274 So.3d 43, 46, *writ denied*, 2019-01000 (La. 10/1/19), 280 So.3d 160.

No matter the liability limit for UM coverage, payments by the insurer to the claimant must be made "within thirty days after receipt of satisfactory proofs of loss."[33]

## C. Analysis

The inquiry of the Court in evaluating this summary judgment motion revolves around a single issue: whether the rejection/waiver of UM coverage completed by Amy Wagner is a valid lowering of Rasier's UM liability limit. Applying the elements set forth by the Louisiana Supreme Court, the evidence shows that it is. The form at issue unmistakably lowers the UM coverage of Rasier.[34] Ms. Wagner initialed the section reading "I select UMBI Coverage which provides compensation for economic and non-economic losses with limits lower than the Bodily Injury Coverage Limits indicated on the policy."[35] The lowered limits are clearly delineated. Ms. Wagner's name is printed on the form, and she signed the form.[36] Ms. Wagner had the authority to sign the waiver as a legal representative of the named insured, Rasier, per the uncontested affidavit of Andrew Parr, Head of North America & Corporate Insurance for Uber Technologies, Inc. (Rasier's parent company).[37] The name of the insurer, UFCC is printed on the form, as was the date of execution.[38] Therefore, the form meets the requirements of Louisiana law and is a valid and unambiguous selection of lower UM limits.

Because there is an executed and valid waiver form, there exists a rebuttable presumption that the insured knowingly rejected uninsured motorist coverage.[39] The burden now shifts to the insured to show that the form was not properly completed.[40] In this matter, there is no evidence in

---

[33] La. R.S. 22:1892(A)
[34] R. Doc. 16-5.
[35] R. Doc. 16-5, p. 39.
[36] *Id.*
[37] R. Doc. 16-6.
[38] R. Doc. 16-5, p. 39.
[39] *Terrell v. Fontenot*, 11-1472, p. 4 (La. App. 4 Cir. 6/27/12), 96 So.3d 658, 661.
[40] *Rapalo-Alfaro v. Lee*, 2015-0209 (La. App. 4 Cir. 8/12/15), 173 So.3d 1174, 1180.

the record that the insured, Rasier, challenges the validity of the form. To the contrary, Rasier acknowledged the form's validity in its court filings and discovery responses. Likewise, Washington presented no challenge to the form's validity or responded to UFCC's instant motion. The Court, therefore, finds that the form is valid and constitutes a selection of a lowered UM limit of $15,000 per person, $30,000 per accident.

Finally, the evidence presented in support of this motion for summary judgment reflects UFCC made prompt and timely payment of its $15,000 policy limit to Washington in December 2021. UFCC's policy limits are exhausted as to Washington, and its obligations under its policy fulfilled. Because UFCC has fulfilled its contractual requirements, it is entitled to judgment as a matter of law. The Court will grant the motion for summary judgment and enter judgment in favor of UFCC.

## **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the motion for summary judgment is **GRANTED**, and all claims of Plaintiff as against Defendant, United Financial Casualty Company, are dismissed with prejudice.

New Orleans, Louisiana this 19th day of April, 2023.


GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE